**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| VINCENZO DiGIACOMO, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17-cv-50115 |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF BELVIDERE, | ) | |
| Belvidere Police Officer | ) | |
| CHRIS WASHBURN, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2.      Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4.      Plaintiff is a resident of Rockford, Illinois.

5.      Defendant-Officer CHRIS WASHBURN ("Defendant WASHBURN") is a duly appointed and sworn Belvidere police officer. At all times relevant to this Complaint, Defendant WASHBURN was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

6.      Defendant WASHBURN is sued in his individual capacity.

7.      Defendant CITY OF BELVIDERE is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant WASHBURN.

**Facts**

8.      On or about September 24, 2015, at approximately 11:45 p.m., Plaintiff was driving northbound on North State Street in Belvidere, Illinois.

9.      Plaintiff had just finished working at a pizza restaurant.

10.     Plaintiff was driving the speed limit and remained in his lane of travel.

11.     Defendant WASHBURN began to follow Plaintiff.

12.     Plaintiff came to a stop light at the intersection of North State Street and Appleton Road.

13.     Plaintiff's front tires went across the white stop line in the roadway.

14.     Defendant WASHBURN stopped Plaintiff.

15.     Defendant WASHBURN requested Plaintiff's driver's license and proof of insurance.

16.     Plaintiff complied and provided Defendant WASHBURN with his license and proof of insurance.

17.     Defendant WASHBURN ran Plaintiff's information and it came back clear and valid.

18.     Defendant WASHBURN ordered Plaintiff out of his vehicle and accused him of drinking.

19.     Plaintiff had not been drinking.

20.     Defendant WASHBURN later admitted that he did not smell any alcohol on Plaintiff.

21.     Defendant WASHBURN ordered Plaintiff to conduct a field sobriety test.

22.     Plaintiff was upset that Defendant WASHBURN accused him of drinking.

23.     Plaintiff asked Defendant WASHBURN if he could take a breathalyzer test.

24.     Defendant WASHBURN said he would not give Plaintiff a breathalyzer test.

25.     Defendant WASHBURN had Plaintiff perform a field sobriety test.

26.   Plaintiff passed the field sobriety test.

27.   Defendant WASHBURN accused Plaintiff of taking drugs.

28.   Plaintiff had not consumed any drugs.

29.   Plaintiff explained to Defendant WASHBURN that he was not impaired at all and at worst was tired from working all day.

30.   Defendant WASHBURN placed Plaintiff under arrest for driving under the influence ("DUI"). There no probable cause to place Plaintiff under arrest for DUI.

31.   Plaintiff again informed Defendant WASHBURN that he was not under the influence of anything.

32.   Plaintiff took a breathalyzer test that yielded a result of .000 BAC.

33.   Plaintiff was then transported to Swedish American Hospital for collection of blood and urine for lab testing.

34.   The lab result showed that there were no drugs in Plaintiff's system.

35.   Plaintiff was charged with driving under the influence of drugs (DUI). The case was docketed in the Circuit Court of the Seventeenth Judicial Circuit as: People of The State of Illinois v. Vincenzo DiGiacomo, Case No. 15-DT-266.

36.   On June 1, 2016, the DUI case was nolle prossed.

37.   Defendant WASHBURN acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

38.   As a direct and proximate result of the acts of Defendant WASHBURN described above, Plaintiff suffered damages including loss of physical liberty, physical pain and suffering, and pecuniary damages including medical expenses, and attorneys' fees.

**COUNT I**
**(42 U.S.C. § 1983 – Fourth**
**Amendment Violation)**

39.   Plaintiff realleges paragraphs 1 through 38 as if fully set forth herein.

40.   WASHBURN arrested Plaintiff for DUI.

41. WASHBURN did not have probable cause, or any other legal justification to arrest and/or seize Plaintiff for DUI.

42. The arrest and continued seizure of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (State Law Claim for Malicious Prosecution)

43. Plaintiff realleges paragraphs 1 through 38 as if fully set forth herein.

44. WASHBURN instituted charges against Plaintiff for DUI.

45. There was not probable cause for such charges.

46. Defendant WASHBURN brought the charges out of malice.

47. On June 1, 2016, the charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law *Respondeat Superior* Claim)

48. The acts of WASHBURN described in the above state-law claim for malicious prosecution were willful and wanton, and committed in the scope of employment.

49. Pursuant to *respondeat superior*, Defendant CITY OF BELVIDERE is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF BELVIDERE,

and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

50. The acts of WASHBURN described in the above claims were willful and wanton, and committed in the scope of employment.

51. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF BELVIDERE is liable for any judgments for compensatory damages in this case arising from WASHBURN's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF BELVIDERE to indemnify WASHBURN for any judgment for compensatory damages in this case arising from his actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Louis J. Meyer
*Counsel for the Plaintiff*

Louis J. Meyer
Daniel P. Kiss
MEYER & KISS, LLC
53 W. Jackson Blvd., Suite 856
Chicago, Il 60604
t. 312.765.0100
f. 312.585.7803
e. louismeyer@meyerkiss.com
e. dankiss@meyerkiss.com
w. www.meyerkiss.com