IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Vincenzo DiGiacomo, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 17 C 50115 |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Belvidere, et al., | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, defendant's motion [8] to dismiss is granted in part and denied in part. The motion is granted as to the false arrest claim in Count I but denied as to the unreasonable detention claim in Count I, and therefore, the request to decline the exercise of supplemental jurisdiction over the state law claims is also denied.

## STATEMENT-OPINION

Plaintiff, Vincenzo DiGiacomo, brings this action against defendants, City of Belvidere and Officer Chris Washburn asserting a claim under 42 U.S.C. § 1983 for a violation of the Fourth Amendment (Count I) and state law claims for malicious prosecution (Count II), respondeat superior (Count III) and indemnification (Count IV). Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1367. Defendants move [8] to dismiss Count I for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6), and to decline to exercise supplemental jurisdiction over the remaining state law claims.

The following facts are taken from plaintiff's complaint. Plaintiff was driving on his way home from work on September 24, 2015 at about 11:45pm. Plaintiff was driving the speed limit and remained in his lane of travel. Washburn began to follow him. Plaintiff stopped at a stop light and his front tires crossed the white stop line in the roadway. Washburn stopped plaintiff, requested and received plaintiff's driver's license and proof of insurance, ran this information and it came back clear. Washburn then ordered plaintiff out of his vehicle and accused him of drinking. Plaintiff had not been drinking. Washburn did not smell any alcohol on plaintiff. Washburn ordered plaintiff to take a field sobriety test which he passed. Washburn then accused plaintiff of taking drugs. Plaintiff had not consumed any drugs. Washburn arrested plaintiff for driving under the influence ("DUI"). Plaintiff took a breathalyzer which yielded a result of .000 BAC. Plaintiff was then transported to Swedish American Hospital for collection of blood and urine for lab testing. The lab result showed there were no drugs in plaintiff's system. Plaintiff was charged with DUI. On June 1, 2016, the DUI case was nolle prossed. Plaintiff asserts the

1

DUI was without probable cause or legal justification and that his arrest and continued seizure violated plaintiff's Fourth Amendment right to be free from unreasonable seizures.

In their motion to dismiss, defendants argue plaintiff pled guilty to one of the charges (improper lane usage) which was the initial basis for plaintiff's arrest.[1] Defendants contend that the plea of guilty on the improper lane usage charge bars plaintiff's claim that there was no probable cause for his arrest and that the existence of probable cause defeats plaintiff's Fourth Amendment claim.

Plaintiff does not dispute that he pled guilty to improper lane usage (and thus does not claim false arrest) but contends he was still unlawfully detained on the false DUI charge. Plaintiff contends he was detained overnight (first in police custody and then in the Boone County Jail) solely because of the false DUI charge. He was brought to the police station for the breathalyzer, taken in police custody to the hospital for blood and urine tests and jailed overnight and required to post bond on the DUI charge solely because of the false DUI charge. Plaintiff states in his brief: "Had Defendant-Officer Washburn lodged only the charge for which he had probable cause (i.e. improper lane usage) Plaintiff in all likelihood would have been given a ticket and been allowed to go home."

"If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender." Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001). Where probable cause exists that a person committed any crime, a false arrest claim is precluded even if the person was arrested on additional or different charges for which there was no probable cause. Holmes v. Village of Hoffman Estates, 511 F.3d 673, 682 (7th Cir. 2007) ("An arrested individual is no more seized when he is arrested on three grounds rather than one.") Therefore, as plaintiff acknowledges, he has no claim for false arrest as he is not disputing probable cause existed for the improper lane usage charge.

Rather than disputing his arrest, plaintiff asserts that the part of his detention occasioned by the pursuit of the DUI charge against him without probable cause violated the Fourth Amendment. At some point, after the traffic stop and before he posted bail the next morning, he argues he went from being lawfully arrested for improper lane usage to unlawfully detained on a baseless DUI charge. Plaintiff contends Manuel v. City of Joilet, ___U.S. ___, 137 S.Ct. 911 (2017) allows him to pursue this claim.

Manuel dealt with whether the plaintiff could bring a Fourth Amendment claim (rather than being limited to a due process claim as the Court of Appeals had held) to challenge the legality of his 48-day pretrial detention where he alleged a judge relied on fabricated evidence to find probable cause that he had committed a crime. Manuel was a passenger in a car the police

---

[1] He was also charged with disregarding a traffic control device per the state court record supplied by defendants with their motion.

pulled over for the driver's failure to use a turn signal. The police searched Manuel and found a bottle of pills. They field-tested the pills and the test came back negative. Despite the negative result, they arrested Manuel and took him to the police station. There, a technician again tested the pills and again got a negative result. However, the technician lied in his report claiming one of the pills was positive for the probable presence of ecstasy. One of the police officers wrote in his report that he knew the pills to be ecstasy. Manuel was brought before a judge later that day who based on the complaint supported exclusively by the police department's fabrications sent Manuel to the county jail to await trial. Eventually, he was released after the charges were dismissed after the Illinois police laboratory issued a report that the pills contained no controlled substances.

The issue resolved in Manuel was whether the plaintiff could bring a Fourth Amendment claim for unlawful pretrial confinement for confinement occurring after the start of "legal process" in a criminal case – that is, "after the judge's determination of probable cause." Manuel, 137 S.Ct. at 914. The Supreme Court held such a Fourth Amendment claim could be brought both for Manuel's wrongful arrest and for his wrongful detention after the judge's determination of probable cause. Manuel was not limited to a due process claim for his confinement after the judge's decision to detain him.

Manuel is distinguishable from the case at hand in a couple respects. Manuel was only arrested for one crime – possession of a controlled substance – for which there was no probable cause because the only evidence was fabricated by the police. Here, plaintiff was charged with three violations and he does not dispute there was probable cause for arrest on one of those charges – improper lane usage. Manuel was detained for 48 days because a judge, relying on the complaint based on the fabricated evidence, ordered him detained. Here, plaintiff bonded out after being held overnight. No judicial probable cause determination was made. Beyond confirming that the Fourth Amendment is applicable to determining whether plaintiff has stated a claim, Manuel is of limited value in deciding the motion to dismiss.[2]

To avoid dismissal under Fed. R. Civ. P. 12(b)(6), a complaint must state a claim to relief that is plausible on its face. Jackson v. Blitt & Gaines, P.C., 833 F.3d 860, 862 (7th Cir. 2016). The complaint is construed in the light most favorable to the plaintiff with all well-pleaded facts accepted as true and all possible inferences drawn in plaintiff's favor. Id. "An excessive length of detention may be sufficient to violate the reasonableness requirement of the Fourth Amendment." Chortek v. City of Milwaukee, 356 F.3d 740, 746 (7th Cir. 2004). Where, as here,

---

[2] Both parties observe, along with Justice Alito's dissent in Manuel, that Manuel did not decide whether a claim for malicious prosecution may be brought under the Fourth Amendment. This issue was among those remanded to the Court of Appeals. Defendant argues current circuit precedent, therefore, requires dismissal of Count I as an improperly brought malicious prosecution Fourth Amendment claim. However, while plaintiff asserts a state-law malicious prosecution claim in Count II, his Count I Fourth Amendment claim goes to the unreasonableness of his detention not to malicious prosecution.

3

the police did not plan to bring plaintiff before a magistrate for a probable-cause hearing, whether a detention is reasonable or not depends on "how much time passes between arrest and release, in relation to the reasons for detention." Portis v. City of Chicago, 613 F.3d 702, 704-05 (7th Cir. 2010). "Examples of unreasonable delay are delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake." Chortek, 356 F.3d at 746, quoting, County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991). "Needless delay, or delay for delay's sake – or worse, delay deliberately created so that the process becomes the punishment – violates the fourth amendment." Portis, 613 F.3d at 705. Reasonableness of a length of detention is typically a question for the trier-of-fact. Chortek, 356 F.3d at 747, and "not only the length of a given detention but also the reasons why release was deferred." must be examined. Portis, 613 F.3d at 705.

Defendant's motion to dismiss must be denied as to plaintiff's unreasonable detention claim. The complaint alleges a plausible claim plaintiff's detention was unreasonable. He alleges facts which, if taken as true, could lead a factfinder to conclude it was unreasonable to draw out his detention with the trip to the hospital for drug testing and to hold him overnight until he bonded out. While, at later stages in this case, plaintiff will have the burden of proof that his detention was excessive in light of its length and the reasons defendant may offer for it, at this motion to dismiss stage he need not prove anything. The facts alleged are sufficient to survive the motion to dismiss.

Defendants argue that the reasoning in this court's August 10, 2011 opinion in Hertz v. Village of Prairie Grove, 11 C 50107, applies as well to this case and suggests dismissal is in order. In Hertz, the plaintiff had been arrested for overtaking on the right and DUI, charged with both offenses, pled guilty to overtaking on the right and the DUI was nolle prossed as part of a plea agreement. The plaintiff did not dispute the existence of probable cause for the illegal overtaking charge so the false arrest claim was negated. The court also dismissed a state malicious prosecution claim for the DUI charge because the nolle prossing of the DUI charge as part of a negotiated plea is not a termination in favor of the plaintiff. Without a termination of the charge in favor of the plaintiff, a malicious prosecution action may not proceed under Illinois law.

However, here the state court record supplied by defendants shows that on June 1, 2016 the DUI charge was nolle prossed "pursuant to lab results." One month later, plaintiff pled guilty to improper lane usage and a charge of disregarding a traffic control device was dismissed as part of a negotiated plea. The nolle prossing of the DUI appears to be unrelated to the negotiated plea so the factual situation in Hertz is significantly different from the factual situation here. Also, what was dismissed in Hertz was a state malicious prosecution claim. Here, the motion to dismiss goes not to a state malicious prosecution claim but to a Fourth

4

Amendment unreasonable detention claim.[3]  Therefore, Hertz is distinguishable and does not support dismissal of the Fourth Amendment claim.

　　　　For the foregoing reasons, defendant's motion [8] to dismiss is granted in part and denied in part.  The motion is granted as to the false arrest claim in Count I but denied as to the unreasonable detention claim in Count I, and therefore, the request to decline the exercise of supplemental jurisdiction over the state law claims is also denied.

Date: 9/07/2017　　　　　　　　　　　　ENTER:

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

　　　　　　　　　　　　　　　　　　　　　　　Electronic Notices. (LC)

---

[3] While both this case and Hertz involved Fourth Amendment false arrest claims, plaintiff has conceded here that he cannot succeed on a false arrest claim.

5